UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br>PEI TI TUNG,<br><br>      Debtor.<br>_____<br><br>CHENG-LU HSIEH,<br><br>      Plaintiff/Appellant,<br><br>      v.<br><br>ROBERT D. STEINBERG,<br><br>      Defendant/Appellee. | Case No. C04-2194L<br><br>ORDER VACATING ORDER TO SHOW CAUSE AND RE-NOTING BANKRUPTCY APPEAL<br><br>Bankruptcy Case No. 02-16797<br>Bankruptcy Appeal No. 04-1506 |

This matter comes before the Court on the parties' response to the Order to Show Cause (Dkt. # 6) requesting the parties to show cause why the bankruptcy appeal should not be dismissed for failure to timely prosecute. On July 27, 2005, plaintiff/appellant Cheng-Lu Hsieh submitted his response (Dkt. # 7) by first class mail. Counsel for Mr. Hsieh, Shun C. Chen, argued that he did not receive any order or notice regarding when to submit the opening brief and requested that the deadline for filing opening briefs be

VACATING ORDER TO SHOW
CAUSE AND RE-NOTING
BANKRUPTCY APPEAL              1

extended to August 15, 2005.  On July 28, 2005, defendant/appellee Robert D. Steinberg, in his capacity as Chapter 7 Trustee, requested that the appeal be dismissed (Dkt. # 8).

Mr. Chen's claim that he did not receive notice of the briefing schedule notwithstanding, a review of the docket entries indicates that a briefing schedule was set on April 4, 2005.  (Dkt. # 4).  The schedule established the following deadlines: "Appellant Brief due by 5/16/2005; Appellee Response Brief due by 6/15/2005[;] Appellant Reply Brief due by 6/29/2005."  (Dkt. # 4).  This docket entry was electronically mailed to Mr. Chen and co-counsel Warren L. Erickson at the following e-mail addresses, which they provided:  shunchen@earthlink.net and warrenerickson1@comcast.net.[1]

Despite the fact that Mr. Hsieh's counsel failed to comply with the briefing deadlines, this Court finds that dismissal is not appropriate.  In determining whether to dismiss for failure to prosecute, the Court weighs the following five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994).  Having considered each of these five factors, the Court finds it more appropriate to re-note the appeal rather than dismiss.  In particular, the Court finds that the policy favoring

---

[1] In his response, Mr. Chen also states that he "did not receive the order stated in the Order to Show Cause, around July 1, 2005."  Dkt. # 7 at p. 3.  The Order to Show Cause did not refer to any Court order filed on around July 1, 2005.  Instead, the Order to Show Cause indicated that "the Clerk of the Court noted the appeal for consideration on July 1, 2005."  Dkt. # 6 at p. 1. According to the docket records, Mr. Chen and Mr. Erickson were e-mailed this information on April 4, 2005, the same day that the briefing schedule was established.

VACATING ORDER TO SHOW
CAUSE AND RE-NOTING
BANKRUPTCY APPEAL                               2

1 disposition of cases on the merits outweighs any prejudice defendant/appellee may have
2 suffered.  Mr. Hsieh is on notice, however, that any further failures to comply with the
3 Court's schedule may result in sanctions, including dismissal of the appeal.

4      Counsel for Mr. Hsieh are further reminded that registration in the Court's
5 CM/ECF electronic filing system and electronic filing through CM/ECF are mandatory.
6 The registration form for e-filing and amended electronic filing procedures for the
7 Western District of Washington can be found at http://www.wawd.uscourts.gov.  Finally,
8 counsel for Mr. Hsieh are reminded that they are responsible for knowing and complying
9 with all applicable local rules.  See Local GR 2(d) and Bankr. 9029-2.

10      For all the foregoing reasons, the Order to Show Cause (Dkt. # 6) is VACATED
11 and the briefing schedule is AMENDED as follows:  The Clerk of the Court is directed to
12 note the bankruptcy appeal for consideration on the Court's calendar for September 23,
13 2005.  Plaintiff/appellant's opening brief is due by August 10, 2005, defendant/appellee's
14 response brief is due by September 9, 2005, and plaintiff/appellant's reply brief is due by
15 September 23, 2005.

17      DATED this 3rd day of August, 2005.

20                                                 Robert S. Lasnik
                                                United States District Judge

25 VACATING ORDER TO SHOW CAUSE AND RE-NOTING BANKRUPTCY APPEAL     3