UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

PEI TI TUNG,

      Debtor.
_____

CHENG-LU HSIEH,

      Plaintiff/Appellant,

    v.

ROBERT D. STEINBERG,

      Defendant/Appellee.

Case No. C04-2194L

ORDER DISMISSING APPEAL AND STRIKING APPELLEE'S MOTION

Bankruptcy Case No. 02-16797
Bankruptcy Appeal No. 04-1506

This matter comes before the Court *sua sponte*. For the reasons set forth below, appellant's bankruptcy appeal is dismissed with prejudice and appellee's "Motion to Dismiss Appeal and for Terms" is stricken.

## I. BACKGROUND

On October 26, 2005, this Court received appellant's notice of transmittal of

ORDER DISMISSING APPEAL
AND STRIKING APPELLEE'S
MOTION                            1

appeal from the United States Bankruptcy Court for the Western District of Washington. The appeal was subsequently noted for consideration on July 1, 2005 and a briefing schedule was set by the Court. The briefing schedule required appellant to file an opening brief by May 16, 2005.

By July 18, 2005, appellant had not yet filed an opening brief and this Court ordered appellant to show cause why the appeal should not be dismissed. Appellant's counsel responded by claiming that he had not received notice of the briefing schedule and requested that the deadline for filing the opening brief be extended to August 15, 2005.

Although the record indicates that appellant's counsel was properly notified of the briefing schedule via e-mail and that the briefing schedule appeared in the body of the docket, see C04-2194L, Dkt. # 4, the Court vacated the order to show cause, re-noted the appeal, and revised the parties' briefing schedule. See Dkt. # 6. The Court also admonished appellant "that any further failures to comply with the Court's schedule may result in sanctions, including dismissal of the appeal." Id. at p. 3.

The revised briefing schedule required appellant to file an opening brief by August 10, 2005. As of the date of this Order, appellant has yet to file his opening brief or explain his failure to do so. On August 11, 2005, appellee file a motion to dismiss the appeal and for attorney's fees. Appellee did not note the motion for consideration on the Court's calendar as required by the local rules for the Western District of Washington.

## II.  DISCUSSION

District courts may impose sanctions, including dismissal, upon a bankruptcy appellant who fails to timely file an opening brief. See Bankr. R. 8001 ("An appellant's

ORDER DISMISSING APPEAL
AND STRIKING APPELLEE'S
MOTION                                           2

1  failure to take any step other than timely filing a notice of appeal . . . is grounds . . . for
2  such action as the district court or bankruptcy appellate panel deems appropriate, which
3  may include dismissal of the appeal"). When determining whether dismissal is an
4  appropriate sanction, "a district court must consider (1) alternative measures in lieu of
5  dismissal, and (2) whether the conduct giving rise to the dismissal was caused entirely by
6  the party's attorney." Greco v. Stubenberg, 859 F.2d 1401, 1404 (9th Cir. 1988) (citing In
7  Re Hill, 775 F.2d 1385, 1386 (9th Cir. 1985)).

8        This Court has considered and already imposed less severe sanctions. For
9  instance, this Court issued an order to show cause why the appeal should not be
10 dismissed. In vacating the order to show cause, this Court set new deadlines for the
11 prosecution of the appeal and warned appellant that failure to comply with the new
12 schedule may result in dismissal. The Court's efforts to accommodate appellant's
13 previous violations satisfy the requirement that it consider alternatives in lieu of
14 dismissal. See Greco, 859 F.2d at 1404 (court's imposition of deadlines and issuance of
15 warnings show that it has "sufficiently considered and exhausted alternatives to
16 dismissal"). In addition, the Court notes that appellant requested the extension that has
17 now passed. In letting the deadline lapse, appellant has not bothered to explain why it
18 could not timely file an opening brief. Given such dilatory conduct, the Court is
19 confident that an additional order to show cause or other sanction would be futile. See
20 Estrada v. Speno & Cohen, 244 F.3d 1050, 1055 (9th Cir. 2001), reprinted as amended at,
21 2001 U.S. App. LEXIS 10697 (9th Cir. 2001).

ORDER DISMISSING APPEAL
AND STRIKING APPELLEE'S
MOTION                                    3

1    Despite the fact that counsel appears to be at fault for the repeated violations[1] of
2 the Court's scheduling orders, dismissal is still appropriate.  Although the responsibility
3 for filing appellate memoranda lies squarely with counsel, it is an "established principle
4 that the faults and defaults of the attorney may be imputed to, and their consequences
5 visited upon, his client."  In re Hill, 775 F.2d at 1387.  Although there is little doubt that
6 the client suffers, "the client must accept the consequences of his or her attorney's
7 errors."  In re Fitzsimmons, 920 F.2d 1468, 1472 n.3 (9th Cir. 1990).  This is especially
8 true where, as here, the opposing party also suffers as a result of the continued delays.
9 As the trustee has made clear, final administration of the bankruptcy case has been
10 delayed by this appeal.  See Dkt. # 8 at p. 2.  Under the circumstances, dismissal is
11 appropriate even though counsel, not appellant, appears to be at fault.
12    On August 11, 2005, appellee filed a motion to dismiss the appeal, citing
13 appellant's failure to file an opening brief by the August 10, 2005 deadline.  See Dkt.
14 # 10.  Appellee also requested attorney's fees incurred in responding to the order to show
15 cause and in filing the motion to dismiss.  Appellee's motion was not properly noted for
16 consideration on the Court's calendar.  See Local CR 7(d)(3).  Because the appeal is
17 dismissed pursuant to this order and because of appellee's failure to comply with the
18 local rules, the motion to dismiss is stricken.

### III. CONCLUSION

20    For all of the foregoing reasons, the appeal is DISMISSED WITH PREJUDICE

---

[1] The Court recognizes that this finding is based on limited information.  The Court is not, nor should it be, privy to all aspects of the relationship between counsel and appellant.  Any conclusions regarding relative fault are based on the evidence on record.

ORDER DISMISSING APPEAL
AND STRIKING APPELLEE'S
MOTION                                                                                4

and "Appellee's Motion to Dismiss Appeal and for Terms" (Dkt. # 10) is STRICKEN.

DATED this 17th day of August, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DISMISSING APPEAL
AND STRIKING APPELLEE'S
MOTION                                          5